UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

  Plaintiff,

 v.                Case No. 05-CR-182

DEANGELO SMITH,

  Defendant.

**RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS AND
ORDER ON THE PARTIES' MOTIONS/REQUESTS TO FILE INSTANTER**

## I. BACKGROUND

On July 19, 2005, a grand jury sitting in the Eastern District of Wisconsin returned a two count indictment naming Deangelo Smith ("Smith") as the defendant. Count One alleges that on or about June 28, 2005, Smith knowingly and intentionally possessed with intent to distribute a mixture and substance containing heroin, a Schedule I controlled substance, all in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Two alleges that on or about June 28, 2005, Smith knowingly carried a firearm during and in relation to the drug trafficking crime charged in Count One of the indictment, all in violation of Title 18 U.S.C. § 924(c). Smith was arraigned on the indictment and entered a plea of not guilty. No motions were filed in accordance with the pretrial motion schedule set at the arraignment. However, after the case was reassigned to the Honorable Lynn Adelman for trial, the defendant filed a Motion to Suppress and a Motion to File Instanter the Motion to Suppress. Judge Adelman then reassigned the case back to this court for purposes of addressing the defendant's motions. Each side has now filed briefs in support of their respective positions on the defendant's

motion to suppress. Moreover, in connection with the tardy filing of its response, the government has requested that it be allowed to file such response instanter. What's good for the goose is good for the gander. Thus, both the defendant's motion to file instanter and the government's request to file its response instanter will be granted. The bottom line is that the motion to suppress is now fully briefed and ready for resolution. For the reasons which follow, it will be recommended that the defendant's motion to suppress be denied.

## II. DISCUSSION

The defendant did not seek an evidentiary hearing in conjunction with his motion. Indeed, a review of the parties' respective submissions reveals that he did not do so because there do not appear to be any material facts in dispute. When distilled to their essence, the following constitute what appear to be the undisputed facts material to his motion. The facts are taken from the parties' respective briefs.

On June 28, 2005, Officers Spaulding and Yde of the Racine Police Department were assigned to patrol specific neighborhoods in Racine as part of a Community Oriented Policing patrol. According to the government, prior to going out on patrol either that day or one day prior, they had checked their computer systems for outstanding commitments and warrants of individuals with whom they were familiar from the neighborhood. They noted that Smith had active warrants and/or commitments, and both of them knew Smith from prior police contacts.

On June 28, 2005, Officers Spaulding and Yde observed a car driven by Lamar Lambert in which Smith was a passenger. Believing that Smith had outstanding warrants for prowling, verbal abuse, and truancy, the officers proceeded to initiate a traffic stop. The belief of outstanding warrants was the sole reason for the stop. The officers further allege that as they exited their squad car, they

observed Smith's shoulder dip to the right and his head turn in that direction, as though Smith were reaching down with his right hand.

The officers approached the vehicle, ordered Smith to show them his hands, and then ordered Smith to exit the vehicle. When asked why he needed to exit the vehicle the officers informed him that he had outstanding warrants for his arrest. The officer on the passenger side of the car then proceeded to reach into the car and unlock the passenger side door, then open the door. As the officer opened the door, he observed a plastic baggie containing what appeared to be a controlled substance in the space between the passenger seat and the door. The officer removed Smith from the vehicle, placed him in handcuffs, and then retrieved the baggie from inside the car. After that, the officer performed a pat down search of Smith, during which he discovered a handgun stuffed into the waistband of Smith's pants.

According to Smith, "[w]ithout first verifying the actual existence of outstanding warrants for Mr. Smith's arrest or performing any sort of investigation, the officers approached the vehicle, ordered Mr. Smith to show them his hands, and then ordered Mr. Smith to exit." (Def's Mot. at 1.) Again, according to the defendant, it was not until after they had arrested Smith and performed the search and seizure that the officers contacted dispatch and verified the existence of the outstanding warrants. (Def's Mot at 2.) The defendant then proceeds to argue that, because the officers only had a belief (and no verification) that there were warrants for Smith, the stop of the automobile was justifiable, but only as a *Terry* stop. In other words, Smith argues that the officers did not subjectively have probable cause to stop the car and arrest Smith. And, because they did not subjectively have probable cause to arrest him, but only had grounds to subject him to a *Terry* stop,

they exceeded their authority under *Terry* by forcibly unlocking the passenger side door, removing him from the car, searching the car, and searching Smith's person.

Smith's argument cannot carry the day. Simply stated, it is undisputed that there were outstanding warrants calling for his arrest. Consequently, there existed probable cause to arrest him. *See, e.g.*, *United States v. Johnson*, 383 F.3d 538, 545 (7th Cir. 2004); *United States v. Jones*, 696 F.2d 479, 485 (7th Cir. 1982) (holding that "the existence of outstanding warrants, confirmed through computer records, is authority for an arrest."). And, even if the officers had not confirmed the existence of the warrants prior their stopping the car in which Smith was a passenger and prior to their removing him from the car and searching him, the fact remains that the same searches of Smith's person and the car in which he was a passenger would have taken place at the point at which the existence of the arrest warrants had been confirmed. Stated another way, the gun on Smith's person and the drugs in the car would inevitably have been discovered. *See generally Nix v. Williams*, 467 U.S. 431, 446-47 (1984) (applying the inevitable discovery doctrine); *United States v. Johnson*, 380 F.3d 1013, 1014 (7th Cir. 2004) ("The 'inevitable discovery' doctrine allows the government to use evidence that it obtained illegally but would have obtained legally in any event.") (quoting *Murray v. United States*, 487 U.S. 533, 539 (1988)). This is because, once the existence of the warrants had been confirmed, the officers unquestionably had the authority to search Smith's person and the vehicle in which he was riding. *Thornton v. United States*, 124 S. Ct. 2127, 2132 (2004); *New York v. Belton*, 453 U.S. 454, 460-62 (1981); *United States v. Willis*, 37 F.3d 313, 317 (7th Cir. 1994).

In conclusion, and for all of the foregoing reasons, the defendant's motion to suppress should be denied.

4

Case 2:05-cr-00182-LA   Filed 11/02/05   Page 4 of 5   Document 21

## III. RECOMMENDATION AND ORDER

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to file instanter and the government's request to file instanter be and hereby are **GRANTED**;

**NOW THEREFORE IT IS RECOMMENDED** that the defendant's motion to suppress be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this  2nd  day of November, 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

5